# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-3916

———————

| | |
|---|---|
| Cynthia M. Dykes, | * |
| | * |
| Plaintiff - Appellant, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    Southern District of Iowa. |
| Kenneth S. Apfel, Commissioner of the | * |
| Social Security Administration, | *    **[PUBLISHED]** |
| | * |
| Defendant - Appellee. | * |

———————

Submitted:  May 10, 2000

Filed:  August 21, 2000

———————

Before BOWMAN, FLOYD R. GIBSON,[1] and LOKEN, Circuit Judges.

———————

PER CURIAM.

Cynthia M. Dykes applied for Social Security disability and supplemental security income benefits, claiming a disability onset date of February 10, 1994, due to tendinitis and adhesive capsulitis of the right shoulder caused by a November 1993 work injury, and myofascial pain syndrome and headaches.  After a hearing, the

———————

[1]Complications from an automobile accident have prevented Judge Gibson from reviewing this opinion prior to its being filed.  The opinion is consistent with Judge Gibson's vote at conference.

Commissioner's administrative law judge found that Dykes has severe right shoulder impairments, but not listed impairments, and that she could not return to her past relevant work, various jobs that "were unskilled and lower level semi-skilled jobs performed at light to heavy levels of exertion." However, viewing the record as a whole, including the opinion testimony of a vocational expert, the ALJ found that Dykes is not disabled because she retains the residual functional capacity to perform light and sedentary unskilled jobs that do not require significant lifting, such as airline security, parking enforcement, and escort vehicle driving.

After the Commissioner's Appeals Council denied further administrative review, Dykes commenced this action seeking judicial review of the Commissioner's adverse final decision. The district court[2] affirmed the Commissioner's decision, concluding that substantial evidence in the record as a whole supports the ALJ's finding that Dykes is not disabled. Dykes appeals. We affirm.

On appeal, Dykes first argues that the ALJ erred in not requiring, at step five of the sequential disability evaluation process,[3] that the Commissioner prove by objective medical evidence that she has the residual functional capacity to perform other work. To the extent Dykes is arguing that residual functional capacity may be proved *only* by medical evidence, we disagree. The current regulations make clear that residual functional capacity is a determination based upon all the record evidence. See 20 C.F.R. § 404.1545; Soc. Sec. Ruling 96-8p, at pp. 8-9. We agree with Dykes to this extent -- the record must include some medical evidence that supports the ALJ's residual functional capacity finding. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). That requirement is more than satisfied here, both in the treatment histories

[2]The HONORABLE CHARLES R. WOLLE, United States District Judge for the Southern District of Iowa.

[3]See 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

of Dykes's shoulder condition, and in the fact that at least one of her treating physicians released her to return to light duty work.

Dykes further argues that the ALJ erred in failing to acknowledge two of her impairments, myofascial pain syndrome and headaches; in failing to properly consider medical evidence of greater functional limitations; and in posing a hypothetical question to the vocational expert that did not include all her limitations. After carefully considering the record as a whole, we reject these contentions for the reasons stated in the district court's Judicial Review Decision of October 13, 1999.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.