# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3146

_____

Larry Krogmeier,                                    *
                                                    *
       Appellant,                               *       Appeal from the United States
                                                    *       District Court for the
    v.                                            *       Southern District of Iowa.
                                                    *
Jo Anne B. Barnhart,[1] Commissioner               *
of Social Security Administration,                  *
                                                    *
       Appellee,                                *

_____

Submitted: April 19, 2002

Filed: June 25, 2002

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Larry Krogmeier appeals from the district court's[2] judgment affirming the denial of his application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, et seq.. We affirm.

_____

[1] Pursuant to Fed. R. App. P. 43(c)(2), Commissioner Jo Anne B. Barnhart is automatically substituted for former Acting Commissioner Larry G. Massanari.

[2] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Krogmeier was born on March 22, 1944. His past relevant work is as a gas fitter and meter reader. He quit working on July 11, 1989, because of back pain and depression. He filed an application for benefits on October 15, 1996, but in order to receive benefits he must show that he was disabled on or before December 31, 1994, his date last insured.

The Social Security Administration denied Krogmeier's application initially and on reconsideration. He then requested and received a hearing before an administrative law judge (ALJ). The ALJ evaluated Krogmeier's claim according to the five-step sequential analysis prescribed by the social security regulations. See 20 C. F. R. §§ 404.1520(a)-(f); see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). At the first step, the ALJ found that Krogmeier had not engaged in substantial gainful activity since July 11, 1989. In the next two steps, the ALJ determined that Krogmeier had severe chronic, mechanical low back pain and depression, but that these medical impairments did not meet the criteria found in the Listing of Impairments. See Appendix 1, Subpart P, Regulations No. 4. The ALJ also found, at the fourth step, that Krogmeier's impairments prevented him from doing his past relevant work. The ALJ further determined that Krogmeier had the residual functional capacity to perform light work in low stress situations with no direct public interaction. See Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000) (residual functional capacity determined at step four, where the burden of proof rests on the claimant). At the fifth step, when the burden of production shifts to the Commissioner, the ALJ heard testimony from a vocational expert and concluded that Krogmeier could perform a significant number of jobs in the national economy and thus was not disabled.

Krogmeier petitioned the Appeals Council for review. The Appeals Council denied review on September 6, 2000, thus making the ALJ's order the final decision

of the Commissioner. Krogmeier then sought review in the district court, which affirmed the Commissioner's decision. Krogmeier now appeals, arguing that the ALJ's decision is not supported by medical evidence and that the ALJ improperly evaluated Krogmeier's credibility. Krogmeier argues in the alternative that if we do not reverse and order an award of benefits, we should remand for consideration of new evidence.

## II.

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. See id. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see id., or because we would have decided the case differently. See Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

Krogmeier does not disagree with the ALJ's determination that his back pain does not prevent him from doing light work. Instead, he argues that his depression alone caused him to be disabled prior to his date last insured.

Krogmeier first argues that the ALJ's decision was contrary to the medical evidence. He contends that the ALJ erred in rejecting the opinion of his treating psychiatrist, Dr. Vernon Varner, expressed in a letter dated March 10, 1997, in which Dr. Varner stated that Krogmeier had been disabled since at least 1991. He also contends that, even if the ALJ was correct to reject this opinion, there is no contrary

medical evidence to support the ALJ's opinion that Krogmeier could have worked prior to December 31, 1994.

"A treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight." Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000). If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the opinion should be given controlling weight. Id. However, "statements that a claimant could not be gainfully employed 'are not medical opinions but opinions on the application of the statute, a task assigned solely to the discretion of the [Commissioner].'" Cruze v. Chater, 85 F.3d 1320, 1325 (8th Cir. 1996) (quoting Nelson v. Sullivan, 946 F.2d 1314, 1316 (8th Cir. 1991)). A treating physician's opinions must be considered along with the evidence as a whole, and when a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight. See id.; Sampson v. Apfel, 165 F.3d 616, 618 (8th Cir. 1999).

The ALJ reviewed Dr. Varner's July 1985 through 1996 treatment notes. During the course of treatment, Dr. Varner noted regularly that Krogmeier's depression was controlled, saying things such as he was "1000% better," "back to his old self," and "well-maintained." Dr. Varner noted in July 1994 that Krogmeier required a low stress environment, but it was not until the 1997 letter that he stated that "any stress" would have triggered a relapse into further depression. Accordingly, the ALJ concluded that the opinion set forth in Dr. Varner's 1997 letter was inconsistent with his contemporaneous treatment notes, which indicated that Krogmeier's depression was controlled with medication and that he could handle low stress environments. We find that there is substantial evidence in the record to support the ALJ's decision not to give Dr. Varner's 1997 opinion controlling weight because of its apparent inconsistency with his contemporaneous treatment notes.

Krogmeier maintains, however, that, even after rejecting Dr. Varner's 1997 opinion, the ALJ was required to base his conclusion on some medical evidence in the record. The ALJ bears the primary responsibility for determining a claimant's residual functional capacity based on all relevant evidence, but residual functional capacity remains a medical question. Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001). Thus, "some medical evidence 'must support the determination of the claimant's [residual functional capacity], and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace.'" Id. at 712 (quoting Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001)). The ALJ "is therefore 'required to consider at least some supporting evidence from a [medical] professional.'" Id. (quoting Lauer, 245 F.3d at 704).

Krogmeier contends that, as in Hutsell and Lauer, the ALJ relied on no medical evidence in determining that he was not disabled by his depression prior to December 31, 1994. In Hutsell, we concluded that the medical evidence "uniformly indicates that the stress of any sustained work is more than Hutsell can handle." Hutsell, 259 F.3d at 713. Because there was no medical evidence to support the ALJ's decision that Hutsell could work, we reversed and ordered an award of benefits. Id. at 714. In Lauer, the only doctor who had opined that the claimant could work was a consulting physician who did not examine the claimant, did not view all the medical records, did not provide an explanation for his conclusion, and did not diagnose the claimant with the same mental impairments that the ALJ concluded were established by the medical evidence. Lauer, 245 F.3d at 705. We concluded that the ALJ erred in determining the claimant's residual functional capacity without relying on reliable medical evidence and the aid of a professional. Id. at 706. In contrast, the ALJ in this case relied on the contemporaneous opinions of Dr. Varner and the evaluation of a consulting physician. Even though the opinion of a consulting physician alone does not generally constitute substantial evidence, see id. at 705, the ALJ did not rely solely on the opinion of the consulting physician, but also conducted an independent review of the medical evidence. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.

-5-

1995).  Furthermore, determination of residual functional capacity is based on all the evidence in the record, including "the medical records, observations of treating physicians and others, and an individual's own description of his limitations." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000); see also Dykes v. Apfel, 223 F.3d 865, 866-67 (8th Cir. 2000) (residual functional capacity not determined based on medical evidence alone, although the decision must be based at least in part on some medical evidence).  Here, the ALJ considered the medical records, the contemporaneous opinion of Dr. Varner, the opinion of the consulting physician, Krogmeier's apparent lack of motivation to return to work, and Krogmeier's testimony regarding his daily activities in determining that Krogmeier was capable of some work.  Thus, there is substantial evidence in the record to support the ALJ's decision.

Second, Krogmeier argues that the ALJ improperly determined that his subjective complaints were credible only to the extent confirmed by the objective medical evidence.  The ALJ found that the medical evidence revealed that, prior to his date last insured, Krogmeier's depression was well-controlled by medication.  An ALJ may undertake a credibility analysis when the medical evidence regarding a claimant's disability is inconsistent.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  We outlined the factors to be considered in evaluating subjective complaints in Polaski.  They include prior work records; observation by third parties and physicians regarding disability; daily activities; the duration, frequency, and intensity of the condition; precipitating and aggravating factors; dosage, effectiveness, and side effects of medications; and functional restrictions. McKinney, 228 F.3d at 864 (listing factors).  The ALJ noted these factors before examining the record as a whole.  The ALJ found numerous inconsistencies in the record, particularly between Dr. Varner's favorable reports regarding Krogmeier's condition and Krogmeier's description of his inability to work.  Thus, we cannot say that the ALJ erred in giving credence only to those subjective complaints that were consistent with the objective medical evidence.

Finally, Krogmeier contends that, if we do not award him benefits, we should remand for consideration of Dr. Varner's 1991 to 1994 notes, which were not included in the record before the ALJ. Sentence six of 42 U.S.C. § 405(g) authorizes us to remand a case to the Commissioner where "new and material evidence is adduced that was for good cause not presented during the administrative proceedings." Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Material evidence is "non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the [Commissioner's] determination." Woolf, 3 F.3d at 1215. We have reviewed Dr. Varner's additional notes, and find that there is no reasonable probability that the ALJ's decision would have been different if these notes had been included in the file before him. The records do not show anything different from those that were before the ALJ, that is, they also show that Krogmeier's depression was well-controlled by medication when he was in low stress situations. Accordingly, a sentence six remand is not appropriate.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.