# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2135

_____

Jimmy F. Means,      *
     *
     Appellant,      *
     *
     v.      *      Appeal from the United States
     *      District Court for the
Jo Anne B. Barnhart, Commissioner of      *      Southern District of Iowa.
Social Security,      *
     *      [UNPUBLISHED]
     Appellee.      *

_____

Submitted: April 29, 2005
Filed: May 4, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jimmy Means appeals from the district court's[1] order affirming the denial of his applications for disability insurance benefits and supplemental security income. Following careful review, we agree with the district court that the administrative law judge's (ALJ's) decision is supported by substantial evidence on the record as a whole. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (standard of review). Specifically, we believe that the ALJ's residual functional capacity

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

determination is supported by the relevant evidence, including some medical evidence, *see Hutsell v. Massanari*, 259 F.3d 707, 711–12 (8th Cir. 2001), and that the ALJ did not make unfair determinations with regard to the weight of treating physicians' opinions, or Means's credibility, *see Shontos v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2003) (concerning weight to be accorded opinions of treating physicians); *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make). Finally, the hypothetical question posed to the vocational expert who testified at the hearing included the limitations supported by the record and deemed credible by the ALJ, and the vocational expert's testimony that Means could perform his past relevant work constitutes substantial evidence supporting the denial of benefits. *See Hilkemeyer v. Barnhart*, 380 F.3d 441, 447 (8th Cir. 2004); *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001).

Accordingly, we affirm.

_____