# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3453

_____

Andrea L. Rideout

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security Administration[1]

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 16, 2016
Filed: March 10, 2017
[Unpublished]

_____

Before WOLLMAN and SMITH, Circuit Judges, and WRIGHT,[2] District Judge.

_____

PER CURIAM.

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Acting Commissioner of the Social Security Administration.

[2]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota, sitting by designation.

Andrea L. Rideout alleges that she became disabled on July 27, 2010, when she was admitted to the hospital and treated for congestive heart failure, liver dysfunction, and anasarca.[3] In 2011, she sought disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. See 42 U.S.C. §§ 423, 1382. Following a hearing, an administrative law judge (ALJ) found that Rideout's impairments of congestive heart failure, depressive disorder, lupus, and migraines were severe; that Rideout nevertheless retained the residual functional capacity (RFC) to perform a reduced range of sedentary work; and that she was not disabled because she could perform jobs that exist in significant numbers in the national economy. The ALJ denied her claims, and the Appeals Council declined to review the ALJ's decision. The district court[4] affirmed the denial of benefits, and we affirm the judgment of the district court.

We review *de novo* the district court's decision affirming the denial of social security benefits. Smith v. Colvin, 756 F.3d 621, 625 (8th Cir. 2014). We will affirm the denial of benefits if the decision is supported by substantial evidence on the record as a whole. Id. Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the disability determination, even if the evidence also would have supported an opposite decision. Id.

Rideout argues that the ALJ erred in determining her RFC. She contends that the failure to limit her contact with people constitutes reversible error, in light of the

[3]Anasarca is "[a] generalized infiltration of edema fluid into subcutaneous connective tissue." Stedman's Medical Dictionary 74 (28th ed. 2006). Edema is "[a]n accumulation of an excessive amount of watery fluid in cells or intercellular tissues." Id. at 612.

[4]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the Recommended Disposition of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

ALJ's finding that depressive disorder caused moderate limitations in her social functioning. In determining Rideout's functional limitations, however, the ALJ considered Rideout's primary care physician's 2012 note that she was no longer experiencing depressive symptoms; Rideout's testimony that medication helped reduce her depressive symptoms; and Rideout's lack of treatment by a mental health provider. See Davidson v. Astrue, 578 F.3d 838, 846 (8th Cir. 2009) ("Impairments that are controllable or amenable to treatment do not support a finding of disability."). Substantial evidence thus supports the ALJ's determination that Rideout "could still perform simple, routine, and repetitive job tasks where the supervision required is simple, direct, and concrete."

We likewise reject Rideout's argument that her RFC should have included limitations related to lupus and migraines. Rideout's medical records are devoid of any complaints related to lupus. Rideout complained only once of migraines to her primary care physician, who did not diagnose her as having migraines or otherwise treat Rideout for migraines. Rideout took no prescription medication for either condition, and although she testified that migraines frequently rendered her bed-ridden, the ALJ found her testimony not entirely credible in light of the medical evidence. Rideout has not identified any further limitations that should have been included to address lupus or migraines, and we conclude that substantial evidence supports the ALJ's determination that no further limitations were required. We also conclude that the ALJ adequately considered the medical evidence relevant to Rideout's complaints of disabling fatigue in concluding that the record failed to support her "testimony that her condition ha[d] worsened to the point where she can barely get out of bed most days." See Blakeman v. Astrue, 509 F.3d 878, 879 (8th Cir. 2007) ("[O]ur review is limited to determining whether the ALJ considered all the evidence relevant to [the claimant's] complaints of disabling fatigue and whether that evidence contradicted his account sufficiently that the ALJ could discount his testimony as not entirely credible.").

Rideout argues that the ALJ erroneously discounted the opinions of Dr. Joseph Rose and Dr. Sanjay Dass. A treating physician's opinion should be given controlling weight when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002); see 20 C.F.R. § 404.1527(c)(2).

Rideout argues that the ALJ erred in giving "no weight" to the opinion of Dr. Rose, who had treated Rideout when she was hospitalized in 2010 and who then had opined that "Ms. Rideout is to be considered fully disabled for a full year due to severe Stage III-IV congestive heart failure." Dr. Rose did not provide any further care to Rideout after she was discharged from the hospital in early August 2010. Medical evidence supports a finding that Rideout's condition improved considerably after her hospitalization. By mid-August 2010, Rideout's treating cardiologist classified her as having New York Heart Association (NYHA) class II symptoms. The cardiologist's notes indicate that Rideout was asymptomatic by February 2011, when he classified her as having NYHA class I symptoms. Substantial evidence thus supports the ALJ's decision to afford no weight to Dr. Rose's opinion because after Rideout's hospitalization "he [did] not have a treating relationship with the claimant and he did not provide any objective medical tests to support his medical opinion." See Krogmeier, 294 F.3d at 1023 ("[S]tatements that a claimant could not be gainfully employed are not medical opinions but opinions on the application of the statute, a task assigned solely to the discretion of the Commissioner." (internal quotation marks, alterations, and citations omitted)); see also 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.").

Rideout also argues that the ALJ erred in giving "little weight" to the opinion of Dr. Dass, her primary care physician, who opined in April 2012 that Rideout was

disabled by chronic medical problems that he expected to last throughout her lifetime. We conclude that substantial evidence supports the ALJ's decision to discount Dr. Dass's opinion as inconsistent with "his own medical records that clearly show[ed] that the claimant's impairments [were] responding well to conservative medical treatment"; with his physical examinations of Rideout, which "failed to reveal the types of objective abnormalities that would support his medical opinion"; and with Rideout's treating cardiologist's records, which, as mentioned above, indicated that Rideout's heart condition was well controlled. See Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) ("A treating physician's own inconsistency may also undermine his opinion and diminish or eliminate the weight given to his opinions."); Krogmeier, 294 F.3d at 1023 ("[W]hen a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight."); Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000) ("The Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.").

We also conclude that the medical records included within the administrative record were sufficient to allow the ALJ to make a disability determination, and we thus reject Rideout's argument that the ALJ was required to order a consultative examination. See Johnson v. Astrue, 627 F.3d 316, 320 (8th Cir. 2010) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." (alteration omitted) (quoting Barrett v. Shalala, 38 F.3d 1013, 1023 (8th Cir. 1994))).

The judgment is affirmed.

_____