# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1933

_____

Donald Fentress

*Plaintiff - Appellant*

v.

Nancy A. Berryhill,[1] Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: January 11, 2017
Filed: February 25, 2017

_____

Before SMITH[2] and KELLY, Circuit Judges, and SIPPEL,[3] District Judge.

_____

---

[1]Nancy A. Berryhill has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

[3]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

SIPPEL, District Judge.

Donald Fentress appeals the decision of the district court[4] affirming the Commissioner's partial denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the Social Security Act. *See* 42 U.S.C. §§ 401, 1381. The Commissioner found Fentress was not disabled from September 22, 2005 through August 23, 2012, but became disabled on August 24, 2012. Because the decision of the Commissioner is supported by substantial evidence on the record as a whole, we affirm.

## I. Background

Fentress suffers from asthma, chronic obstructive pulmonary disease, high blood pressure, depression, hepatitis C, diabetes, liver damage, hepatomegaly, uveitis of the left eye, coronary artery disease, and degenerative disc disease. He applied for DIB and SSI benefits on July 27, 2006, alleging an onset date of September 22, 2005. After his claims were denied at the administrative level, Fentress sought review in district court, which remanded his claims to the Commissioner for further proceedings. Fentress then filed new applications for DIB and SSI benefits, alleging an onset date of September 30, 2009. These applications were consolidated with his initial applications, and on December 1, 2011, an administrative law judge ("ALJ") denied all of Fentress's claims. Fentress pursued an administrative appeal, and in November 2013, the Appeals Council remanded the case to the ALJ for further proceedings. On April 7, 2014, a different ALJ considered Fentress's claims and

---

[4]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

issued a partially favorable decision, finding him disabled since August 24, 2012, but not disabled from September 30, 2009 through August 23, 2012.

On July 15, 2015, the Appeals Council reviewed Fentress's case and issued its own opinion. After consideration of all of Fentress's applications, the Appeals Council agreed with the ALJ that Fentress was disabled as of August 24, 2012, but concluded that he was not disabled from the initial onset date of September 22, 2005, through August 23, 2012.

Like the ALJ before it, the Appeals Council evaluated Fentress's disability claims according to the five-step sequential evaluation process prescribed by the Social Security Regulations.[5] *See Goff v. Barnhart*, 421 F.3d 785, 789-90 (8th Cir. 2005); 20 C.F.R. § 404.1520(a)-(g). At step four of the analysis, the Appeals Council determined that Fentress retained the residual functional capacity ("RFC") to perform light work, with modifications. *See* 20 C.F.R. § 404.1545(a) (defining RFC as "the most [a claimant] can still do despite" his "physical or mental limitations"). In reaching its decision, the Appeals Council reviewed, and ultimately discounted, an opinion rendered by Fentress's treating physician, Bradford Waters, M.D., that

---

[5]The first step of the analysis requires the Commissioner to decide whether a claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b). If he is not, the Commissioner moves on to the second step of the analysis, which requires her to assess whether a claimant has a severe impairment that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If severe impairments are found, the Commissioner determines at the third step whether the claimant's impairments meet or equal the criteria of a "listed impairment," which is presumed to be disabling. 20 C.F.R. § 404.1520(d). If no listed impairments are found, the Commissioner assesses a claimant's residual functional capacity and considers whether a claimant can perform past relevant work. 20 C.F.R. § 404.1520(e)-(f). If he cannot, the Commissioner decides at the fifth and final step of the analysis whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he cannot, the claimant is disabled.

-3-

chronic pain and fatigue would prevent Fentress from working. The Appeals Council assigned little weight to the opinion of Dr. Waters as inconsistent with other substantial evidence in the record, including numerous unremarkable physical examinations, Fentress's own denials of pain, and the opinion of a consulting physician, Bruce Randolph, M.D., who examined Fentress.

Based on the testimony of a vocational expert, the Appeals Council found that there were a significant number of jobs in the national economy which Fentress could perform with his modified light work RFC prior to August 24, 2012. Therefore, at step five of the analysis the Appeals Council concluded that Fentress was not disabled from his initial alleged onset date of September 22, 2005, through August 23, 2012, but was disabled as of August 24, 2012. This decision stands as the final decision of the Commissioner.

Fentress then sought review in the district court under 42 U.S.C. § 405(g). The district court affirmed the decision of the Commissioner. Fentress now appeals, arguing that the Commissioner erred in discounting the opinion of his treating physician and when formulating his RFC.

## II. Discussion

"We review the district court's decision upholding the denial of social security benefits *de novo*." *McDade v. Astrue*, 720 F.3d 994, 997-98 (8th Cir. 2013). "We will uphold the [Commissioner's] decision to deny benefits if that decision is supported by substantial evidence in the record as a whole." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). We consider both evidence that detracts from the Commissioner's decision, as well as evidence that supports it, *see Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011), but we will not reverse simply

-4-

because some evidence supports a conclusion other than that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

Fentress argues that the Commissioner erred in the determination that he could perform light work[6] prior to August 24, 2012. The RFC assessment must be based on "all the relevant evidence in [the] case record." 20 C.F.R. § 404.1545(a). In evaluating the RFC assessment, "we consider all of the evidence that was before the [Commissioner], but we do not re-weigh the evidence, and we defer to the [Commissioner's] determinations regarding the credibility of witnesses so long as such determinations are supported by good reasons and substantial evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The record must include some medical evidence which supports the RFC. *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000).

Fentress contends that the Commissioner improperly discounted the opinion of Dr. Waters, who opined that Fentress was "unable to perform sustained gainful employment" due to pain and fatigue. At the time this opinion was rendered, Dr. Waters had only been treating Fentress for a few months. *See* 20 C.F.R. § 404.157(c) (length of treatment relationship one factor to consider when weighing doctor's opinion). The Commissioner considered Dr. Waters's opinion, but ultimately assigned it little weight as inconsistent with other, substantial evidence in the record. "A treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight." *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000). However, the Commissioner "may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (quoting *Goff*, 421 F.3d at 790). A physician's opinion that a claimant is incapable

---

[6] The Regulations define "light work" as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b).

of gainful employment is often not entitled to significant weight. *Bradley v. Astrue*, 528 F.3d 1113, 1116 (8th Cir. 2008).

Here, the Commissioner cited other, substantial evidence in the record that was inconsistent with Dr. Waters's evaluation, including physical examinations during the same time period which showed normal muscle strength, range of motion, and no pain or weakness in extremities, as well as Fentress's own contemporaneous reports denying problems with standing, walking, vision, weakness, dizziness, pain, or loss of motor skills. *See Goff*, 421 F.3d at 795 (lack of corroborating medical evidence is one factor to consider in evaluating subjective complaints of pain). In discounting Dr. Waters's opinion, the Commissioner also cited the opinion of Dr. Randolph, who found after examination that Fentress's extremities, strength, gait, and limb functions were normal and unimpaired. Diagnostic test results also demonstrated that Fentress's symptoms were generally well-controlled when he abstained from illegal drug use and was compliant with treatment recommendations. *See Wildman*, 596 F.3d at 966 (claimant's noncompliance with treatment recommendations may be taken into account when deciding whether to give treating physician's opinion controlling weight). Fentress's daily activities, which included fishing and dog training, were likewise inconsistent with Dr. Waters's opinion regarding Fentress's limitations. It is the function of the Commissioner to weigh conflicting evidence and to resolve disagreements among physicians. *Kirby*, 500 F.3d at 709.

After reviewing the entire record in this case and considering the objective test results, Fentress's subjective reports and complaints of pain, as well as the opinions of treating and consulting physicians, the Commissioner concluded that Fentress was able to perform light work, with limitations, for a period of time before he became disabled under the Guidelines. The Commissioner did not simply adopt a light work RFC wholesale, but rather restricted Fentress's RFC based on his credible limitations of record. For these reasons, we find the Commissioner's determination to be within

a reasonable "zone of choice." *See Owen v. Astrue*, 551 F.3d 792, 798 (8th Cir. 2008).

While it is not surprising that, in an administrative record which exceeds 1,500 pages, Fentress can point to some evidence which detracts from the Commissioner's determination, good reasons and substantial evidence on the record as a whole support the Commissioner's RFC determination and the decision to discount Dr. Waters's opinion. *See Igo v. Colvin*, 839 F.3d 724, 731 (8th Cir. 2016). "We may not reverse that decision simply because we would have reached a different conclusion than [the Commissioner] or because substantial evidence supports a contrary conclusion." *Id.* at 728 (citing *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014)); *Goff*, 421 F.3d at 789 ("If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Commissioner's] findings, the court must affirm the [Commissioner's] decision." (citing *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001))).

## III. Conclusion

Because the Commissioner's decision to deny benefits prior to August 24, 2012, is supported by substantial evidence on the record as a whole, the judgment of the district court is affirmed.

_____