# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2002

_____

Janice Smith

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: February 13, 2018
Filed: July 5, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Janice Smith appeals from the final judgment entered in the district court affirming the denial of disability insurance benefits. The Administrative Law Judge (ALJ) found that Smith had the following severe impairments: coronary artery disease status post-stenting; congestive heart failure; diabetes mellitus; hypertension; obesity; osteoarthritis; right calcaneal spurs; anemia; vertigo; hypothyroidism; and renal

insufficiency. The ALJ concluded that Smith's impairments did not meet or equal the level of severity of any impairment listed in the regulations and that she retained the residual functional capacity (RFC) to "perform sedentary work as defined in 20 CFR 404.1567(a) except she could only occasionally climb ramps/stairs, could never climb ladders/ropes/scaffolds, could only occasionally balance, stoop, kneel, and crouch, could never crawl, and had to avoid concentrated exposure to hazards, including no driving as part of work."

With the help of a vocational expert, the ALJ determined that Smith could perform her past relevant work as a telephone order clerk and a telephone sales representative. The Appeals Council adopted the ALJ's findings and conclusions,[1] and the district court affirmed. We reverse and remand.

## I.    Background

Smith was sixty-one years old as of her date last insured for benefits, which was determined to be December 31, 2013. She has worked in the past as a telephone order clerk and telephone sales representative. In November 2008, Smith underwent cardiac surgery and stent placement. She returned to work following the procedure. In 2009, Smith underwent cardiac catheterization.

Smith underwent a second stent placement in August 2012, and a third stent placement in October 2012. Smith testified that August 17, 2012, was the last day she worked. Smith testified that one of the reasons she could not return to work was because if she sat for any length of time, she started "swelling, retaining fluid." Smith further testified that she takes Lasix to reduce the swelling and elevates her legs at

---

[1] Although not an issue on appeal, it is noted that the Appeals Council modified the ALJ's findings regarding Smith's date of insured status from December 31, 2012, to December 31, 2013.

night and several times during the day for 15 to 20 minutes, or longer if she is able. Smith also experiences swelling in her hands, causing them to feel "tight" but otherwise does not affect her activities.

The ALJ recognized the medical evidence documenting Smith's coronary artery disease, congestive heart failure, and hypertension. With regard to these health concerns, the ALJ, while noting Smith's history of edema, concluded that Smith had received appropriate treatment and been prescribed appropriate medications, which have been effective in treating and relieving her symptoms.

The record reveals that Smith began treating with Dr. Anna Eremieva, at Northwest Primary Care in August 2011. In a treatment note dated April 19, 2012, Dr. Eremieva noted "significant edema of ankle and pain in medial malleolar region." On May 3, 2012, Dr. Eremieva noted that Smith's lower extremity/ankle edema was "much better," but minimal edema of the right ankle was still present. Beginning in September 2012, and continuing through August 2013, Smith's treatment notes document the presence of edema in the lower extremity. Dr. Eremieva increased Smith's Lasix does on November 1, 2012, and again on November 8, 2012. On December 19, 2013, Dr. Eremieva opined that due to Smith's "various medical conditions unfortunately she is unable to sit for any period of time without her legs being propped up due to severe edema it causes in her lower extremities."

On appeal, Smith argues (1) the ALJ erred by failing to consider evidence that Smith consistently experiences lower extremity edema, which impacts her ability to work; and (2) the ALJ should have considered Smith's steady work history when assessing her credibility. We agree.

## II.    Discussion

"We review the ALJ's denial of disability insurance benefits *de novo* to ensure that there was no legal error and that the findings of fact are supported by substantial evidence on the record as a whole." Brown v. Colvin, 825 F.3d 936, 939 (8th Cir. 2016). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support a conclusion." Id. We consider the record as a whole, reviewing both the evidence that supports the ALJ's decision and the evidence that detracts from it. Id.

The Commissioner's regulations governing determinations of disability set forth a five-step sequential evaluation process which the Commissioner must use in assessing disability claims. 20 C.F.R. § 404.1520(a)-(f).

> During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security Income listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work.

Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (citation omitted). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled. The fourth step in this analysis requires the ALJ to determine a claimant's RFC." *Id.* at 590–91.

The ALJ's determination of a claimant's RFC is to be based on medical evidence pertaining to "the claimant's ability to function in the workplace." Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (quoting Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002)). In determining RFC, "[t]he ALJ should consider

'all the evidence in the record' . . . , including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" Id. (quoting Krogmeier, 294 F.3d at 1024); See 20 C.F.R. § 404.1545(a).

The ALJ failed to consider in his RFC determination Smith's lower extremity edema, for which there is both subjective and objective evidence in the record. Smith's edema was documented in her medical records during the period in question and presented an ongoing concern. At least twice Smith's Lasix dose was increased because of swelling. Smith testified that if she is sedentary for a period of time, her legs start swelling so she elevates her legs several times a day for at least 15 to 20 minutes at a time. Smith further testified that she could never figure out how to prop her feet up while sitting at a desk. She tried garbage cans and boxes, but they did not work.

In December 2013, Smith's treating physician, Dr. Eremieva, opined that Smith was unable to sit for any period of time without her legs being elevated due to edema in her lower extremities. The ALJ in rejecting Dr. Eremieva's opinion relied, in part, on a January 2014, medical report indicating Smith had no edema. Although "[e]vidence from outside the insured period can be used in 'helping elucidate a medical condition during the time for which benefits might be rewarded,'. . . "[a] treating physician's opinion should be given controlling weight if it is not inconsistent with other substantial evidence in the record.'" Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (quoting Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998) and Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004)). Although Smith's doctors did not document edema on every visit, the record is replete with clinical findings that during the period in question Smith regularly suffered from lower extremity edema. The ALJ erred when he made no effort to investigate Smith's edema.

Following the hearing, the ALJ submitted a hypothetical to a vocational expert by way of an interrogatory. The hypothetical assumed that Smith had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with limitations on climbing, kneeling, crouching, crawling, and exposure to hazards. Sedentary work is defined in the regulations as work that involves sitting and occasional walking and standing. 20 C.F.R. §§ 404.1567(a) and 416.967(a). There was no hypothetical that accounted for Smith's documented edema or included a proviso that Smith be allowed to elevate her legs periodically throughout the day. Evidence provided by a vocational expert constitutes "substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." Cox v. Astrue, 495 F.3d 614, 620 (8th Cir. 2007) (citations omitted).

A long and continuous past work record with no evidence of malingering is a factor supporting credibility of assertions of disabling impairments. Smith reported working as a customer service representative from June 1993, until March 1998; as a service delivery coordinator from March 1998, until December 2003; and as a unit secretary from March 2009, to August 2012. In 2007 and 2008, Smith worked for a church. The ALJ did not mention Smith's consistent work record. Although an ALJ must consider a claimant's work history when evaluating her credibility, it is ordinarily not error if the ALJ fails to explicitly discuss the claimant's work history. Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005). Recognizing the record is to be reviewed as a whole, a steady work history is generally considered indicative of credibility. On this record, the ALJ's credibility analysis was cursory. Remand is necessary for the ALJ to more fully explain his credibility determination, in addition to the other shortcomings noted above.

## III.    Conclusion

The ALJ gave no consideration to what effect Smith's medically documented edema might have on her ability to work.  While the ALJ may discount a claimant's credibility despite a consistent work history, we find the ALJ's credibility analysis is conclusory and incomplete.  In light of these deficiencies, on this record, we are unable to determine whether substantial evidence as a whole supports the ALJ's finding that Smith is not disabled.  We reverse the judgment of the district court and remand with instructions to remand to the Commissioner for development of the record consistent with this opinion.

_____