# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1901

_____

Jennifer Adamczyk

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 13, 2020
Filed: July 13, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jennifer Adamczyk filed this lawsuit in order to challenge the decision of an administrative law judge (ALJ) denying her application for disability insurance benefits (DIB) and supplemental security income (SSI) under Title II and Title XVI of

the Social Security Act (the Act). The district court[1] affirmed the ALJ's decision, and Adamczyk appeals. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On May 28, 2014, Adamczyk filed applications for DIB and SSI, alleging a disability onset date of July 1, 2013. Specifically, she asserted that she became disabled and stopped working due to rheumatoid arthritis, fibromyalgia, depression, anxiety, irritable bowel syndrome, migraine headaches, and asthma. Following a hearing, the ALJ determined that Adamczyk was not disabled under the Act. In applying the five-step evaluation process, the ALJ found: (1) Adamczyk had not engaged in substantial gainful work activity during the adjudicated period; (2) her severe impairments were rheumatoid arthritis, depression, anxiety, personality disorders, disorders of the gastrointestinal system, and asthma; (3) her impairments did not meet or medically equal the severity of a listed impairment and she retained the residual functional capacity (RFC) to perform light work with some restrictions; (4) she is unable to perform her past relevant work as a human resource generalist, human resource specialist, and human resource assistant; and (5) there are jobs that exist in significant numbers in the national economy that Adamczyk can perform. The Appeals Council later denied Adamczyk's request for review, and she subsequently filed this action in the District of Minnesota, which entered judgment in favor of the Commissioner.

On appeal, Adamczyk argues that the ALJ erred by (1) failing to correctly interpret the medical evidence in the record and to obtain an additional medical opinion for events that occurred after a state agency medical expert's opinion was rendered in October 2014, and (2) discounting Adamczyk's subjective complaints of pain. "We review de novo the district court's decision to affirm the ALJ's denial of social security

---

[1]The Honorable Becky R. Thorson, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

DIB and SSI. . . . If substantial evidence in the record as a whole supports the ALJ's decision, then this Court will affirm the denial of benefits." Gann v. Berryhill, 864 F.3d 947, 950 (8th Cir. 2017) (internal quotation marks and citations omitted). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).

First, we consider Adamczyk's argument that the ALJ failed to correctly interpret the record medical evidence and erred by not obtaining a new medical opinion after Adamczyk was hospitalized in May 2015 for depression. In arriving at his formulation of Adamczyk's RFC, the ALJ gave great weight to an October 2014 opinion of a state agency medical expert, who reviewed the record medical evidence and concluded that Adamczyk could perform unskilled tasks without special considerations in many work environments, relate to coworkers, attend to tasks, and manage the stressors involved with unskilled work. Adamczyk argues that the expert's opinion was outdated and that the ALJ was required to obtain a new medical opinion in order to properly evaluate new, material evidence. She claims that the ALJ erroneously "played doctor" by relying on his own interpretation of the medical evidence generated after October 2014.

"The interpretation of physicians' findings is a factual matter left to the ALJ's authority." Mabry v. Colvin, 815 F.3d 386, 391 (8th Cir. 2016). However, the ALJ cannot "play doctor," meaning that the ALJ cannot draw improper inferences from the record or substitute a doctor's opinion for his own. See Pate-Fires v. Astrue, 564 F.3d 935, 946-47 (8th Cir. 2009) ("[T]he ALJ's determination [that the claimant's] medical noncompliance is attributable solely to free will is tantamount to the ALJ 'playing doctor,' a practice forbidden by law."); Lund v.Weinberger, 520 F.2d 782, 785 (8th Cir. 1975) ("An administrative law judge may not draw upon his own inferences from medical reports.").

The ALJ did not err by giving great weight to the state agency medical expert's October 2014 opinion. See Harris v. Barnhart, 356 F.3d 926, 931 (8th Cir. 2004) ("It is well settled that an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment."). The ALJ noted that this expert's opinion was consistent with various clinical findings and the course of treatment shown in the record. See 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Although Adamczyk argues that the October 2014 opinion failed to account for later developments, the ALJ explicitly found that this subsequent evidence and the record as a whole were consistent with the October 2014 opinion. See Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006) (finding that opinions of non-examining, reviewing psychologists were consistent with evidence that arose after those psychologists wrote their opinions). In so finding, the ALJ simply weighed the evidence provided by medical professionals and other record evidence. See id. The fact that there was some medical evidence supporting Adamczyk's position concerning the severity of her symptoms does not mean that the ALJ's decision was not supported by substantial evidence. See Fentress v. Berryhill, 854 F.3d 1016, 1021 (8th Cir. 2017) ("While it is not surprising that, in an administrative record which exceeds 1,500 pages, [appellant] can point to some evidence which detracts from the Commissioner's determination, good reasons and substantial evidence on the record as a whole support the Commissioner's RFC determination."). Nor does it mean that the ALJ improperly "played doctor" in arriving at this result.

Additionally, the ALJ did not need to order a second consultative examination in light of the evidence that arose after October 2014. Cf. Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000) (holding that it is reversible error for an ALJ to fail to order a consultative examination if one is necessary to make an informed decision). Adamczyk does not argue that the ALJ failed to review any of the submitted evidence or that evidence from any period of time went unconsidered. See Cox v. Apfel, 160 F.3d 1203, 1209 (8th Cir. 1998) (finding that the ALJ failed to develop the record by not gathering "records for the seventeen months prior to the hearing"). Indeed, the

ALJ considered not only the expert's October 2014 opinion but also the clinical findings of Adamczyk's treating physicians and the medical records after that date. Again, the ALJ found that the entire record was consistent with the expert's opinion. Because there was substantial evidence in the record from which the ALJ could make an informed decision, the ALJ did not err in failing to seek a new opinion. See Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001) (finding ALJ did not err in not requiring another consultative examination because there was "substantial evidence in the record to allow the ALJ to make an informed decision").

Accordingly, we find that the ALJ properly weighed and considered the October 2014 opinion in assessing Adamczyk's RFC.

Second, we consider Adamczyk's argument that the ALJ improperly evaluated her subjective complaints and erred in determining that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not wholly consistent with the medical and other evidence in the record. "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." McDade v. Astrue, 720 F.3d 994, 998 (8th Cir. 2013) (alterations in original) (quoting Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006)). Moreover, "[w]hen analyzing a claimant's subjective complaints of pain, the ALJ must consider . . . (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." Id.

Here, the ALJ found that Adamczyk was more capable than she self reported with regard to her daily activities, notwithstanding her physical and mental ailments. The ALJ cited the various activities that Adamczyk engages in on a daily basis as well as her ability to live alone and maintain relationships. See Medhaug v. Astrue, 578 F.3d 805, 817 (8th Cir. 2009) ("[A]cts such as cooking, vacuuming, washing dishes,

doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain."). Because Adamczyk could undertake activities inside and outside of her house, drive, and interact with other people, it was not unreasonable for the ALJ to discount Adamczyk's credibility as to her reports of the severity of her symptoms. Her medical providers also consistently noted that she was well-groomed, her speech was clear, her thought process was linear, her cognition and memory were intact, and she could follow and engage in appropriate conversation. As to Adamczyk's complaints about her physical ailments, many of her medical providers reported that Adamczyk was not suffering from any significant swelling or tenderness in her joints and that her medication seemed to be working. Finally, the ALJ did not completely discount her subjective complaints, which are reflected in the RFC assessment that limited her to light work involving simple, routine tasks. See Ramirez v. Barnhart, 292 F.3d 576, 581 (8th Cir. 2002) ("While Claimant correctly asserts that an ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a Claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." (internal citation omitted)). Under these circumstances, it was not improper for the ALJ to partially discount Adamczyk's credibility with regard to her subjective statements as to the severity of her symptoms.

For these reasons, we reject Adamczyk's arguments, conclude that substantial evidence supports the ALJ's decision, and affirm the judgment of the district court.

_____