# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1863

———————

Deborah Robson,                          *
                                         *
            Appellant,                   *
                                         *   Appeal from the United States
        v.                               *   District Court for the
                                         *   Eastern District of Arkansas.
Michael J. Astrue, Social Security       *
Administration, Commissioner,            *
                                         *
            Appellee.                    *

———————

Submitted: January 17, 2008
Filed:  May 21, 2008

———————

Before WOLLMAN, BRIGHT, and SMITH, Circuit Judges.

———————

SMITH, Circuit Judge.

Deborah Robson applied for disability benefits under Title II of the Social Security Act, alleging disability due to post polio syndrome. After an evidentiary hearing, the administrative law judge (ALJ) denied her application, finding that Robson was not disabled because she could perform several jobs within the economy in her current condition. After the Appeals Council denied her request for review, Robson sought judicial review of the Commissioner's decision. The district court[1]

———————

[1]Honorable Henry L. Jones, Junior, United States Magistrate Judge for the Eastern District of Arkansas.

affirmed the denial of benefits, concluding that the ALJ's decision was supported by substantial evidence on the record as a whole. Robson appeals, arguing that the ALJ improperly disregarded the opinion of Robson's treating physician regarding her functional limitations and that the ALJ's hypothetical to the vocational expert (VE) did not accurately describe Robson's work-related abilities. We affirm.

## I. *Background*

Deborah Robson applied for disability insurance benefits on August 25, 2003, when she was 55 years old, alleging disability due to post polio syndrome and a cervical spine diskectomy and fusion in 1990. She alleged that she became disabled on December 1, 1988. Robson has a high school education and completed a medical secretarial course in 1965. In the past she has worked as a medical transcriptionist, receptionist, and an office manager.

Robson was employed by her treating physician, Dr. James Robinette, but she testified that she left this position in 1988 because the job required too much walking. She attempted to work at home as a medical transcriptionist, but this caused neck problems. Robson received no treatment for post polio syndrome because no such treatment was then available.

A hearing on her claim was held on April 7, 2005, and at this hearing the ALJ heard testimony from a VE, Beth Clem. To assist in determining whether Robson was disabled, the ALJ asked the following hypothetical question of the VE:

> Please assume an individual 45 years of age, with a high school diploma and successful completion of a medical secretary course at a business and we'll assume no past relevant work. And assume a sedentary exertional residual functional capacity as that term is normally defined. That is able to sit for six hours out of an eight hour day, stand and walk two hours out of an eight hour day, lift and carry 10

-2-

pounds occasionally. Further assume the usual seizure precautions, that is unable to work at unprotected heights, around moving machinery or operate automotive equipment. Are there any jobs that exist in significant numbers that such an individual could perform?

In response to this question, the VE found that such an individual could perform secretarial work, and that there are approximately 32,000 such positions in Arkansas and approximately 3.9 million positions available in the national economy.

The ALJ evaluated Robson's claims according to the five-step sequential analysis prescribed by the social security regulations. Among other things, the ALJ found that: (1) Robson has not engaged in substantial gainful activity since the onset of her disability on December 1, 1988; (2) while Robson has been treated for cervical spondylosis and post polio syndrome, she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (3) Robson's subjective allegations are not borne out by the overall record nor found to be fully credible; (4) Robson has a residual functional capacity (RFC) to lift or carry no more than 10 pounds occasionally, sit 6 hours in an 8 hour day, stand/walk no more than 2 hours total in an 8 hour day, and that she was restricted from operating motor vehicles, working from unprotected heights, and working around moving machinery; (5) Robson could perform sedentary jobs such as a secretary or a data entry clerk; and (6) there are a significant number of these jobs in the regional economy.

Based on these findings, the ALJ determined that Robson was not disabled, as defined in the Social Security Act, at any time through the date of his decision. The Appeals Council denied Robson's request for review, and she filed an appeal with the United States District Court for the Eastern District of Arkansas. The district court found that the Commissioner's decision was supported by substantial evidence on the record as a whole and affirmed the denial of benefits.

## II. *Discussion*

Robson argues that substantial evidence on the record as a whole does not support the ALJ's determination that she is not disabled. More specifically, she argues that the VE's testimony did not constitute substantial evidence because the hypothetical presented to the VE was defective.

"We review de novo the district court's affirmance of the Commissioner of Social Security's denial of social security benefits." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007) (citing *Bowman v. Barnhart*, 310 F.3d 1080, 1083 (8th Cir. 2002)). In reviewing the Commissioner's decision, we must determine whether there is substantial evidence on the record as a whole, which is a determination that requires an examination of the record for both the evidence supporting the Commissioner's decision and evidence that detracts from that decision. *Id*. (citing *Bowman*, 310 F.3d at 1083). In conducting this inquiry, however, "[w]e are not permitted to reverse because substantial evidence also exists that would support a contrary outcome or because we would have decided the case differently." *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). To assess whether a claimant is disabled, the ALJ follows a five-step sequential evaluation process and considers: (1) the claimant's work activity, if any; (2) the medical severity of the impairment; (3) whether the medical severity of the impairment equals one of the listings in Appendix 1 of Subpart P; (4) the claimant's residual functional capacity (RFC) and past relevant work; and (5) whether the claimant can perform other jobs in the economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

Here, the ALJ found that Robson was not disabled because she was able to perform other work. The ALJ based his determination largely on the testimony of the VE. Ordinarily, the Commissioner can rely on the testimony of a VE to satisfy its burden of showing that the claimant can perform other work. *Porch v. Chater*, 115 F.3d 567, 571 (8th Cir. 1997); *see also Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (stating that "[t]he Commissioner may rely on a vocational expert's response to a properly formulated hypothetical question to show that jobs that a person with the claimant's RFC can perform exist in significant numbers"). We note, however, that such "[t]estimony from a vocational expert is substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Cox v. Astrue*, 495 F.3d 614, 620 (8th Cir. 2007).

At the hearing, the ALJ posed a hypothetical question to the VE, asking whether there is work in the economy for a forty-five year old person who has completed high school and a medical secretary course and who is limited to sedentary work with usual seizure precautions. Robson contends that the hypothetical should have made mention of Robson's obesity and discussed Dr. Robinette's conclusions regarding Robson's current condition.

Upon careful review, we conclude that the ALJ did not err in excluding Robson's obesity from the hypothetical posed to the VE. *See Thompson v. Astrue*, 226 F. App'x. 617, 620 (8th Cir. 2007) (holding that the ALJ did not err in failing to submit a hypothetical question to the vocational expert where the claimant failed to claim obesity as a disabling condition). Here, Robson claimed that her obesity exacerbated her existing medical infirmities, but she does not explain how including her obesity would change the question to the VE. The hypothetical adequately described all of Robson's physical limitations.

We also conclude that the ALJ did not err by not including Dr. Robinette's findings regarding Robson's condition before 1992. The hypothetical question assumed that Robson is able to perform sedentary work, but there is no mention of her complications from post polio syndrome. The only additional information Dr. Robinette's opinion adds to the discussion of Robson's condition is that the doctor believes that Robson (1) suffered from post polio syndrome and was disabled by the condition as early as the late 80s or early 90s; (2) was postoperative anterior cervical disketecomy with bone graft; and (3) suffered chronic neck and hip pain.

Dr. Robinette's conclusion that Robson was disabled receives no deference because a finding of disability is one reserved for the Commissioner. *House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007). The ALJ is free to take Dr. Robinette's opinion on Robson's ability to work into consideration when assessing her social security claim, but such an opinion does not describe a physical limitation based upon Robson's physical ailments that the ALJ must include in its hypothetical to the VE.

The hypothetical was not defective with regard to Robson's post polio syndrome. As with her obesity, Robson has not identified any "concrete consequences" missing from the hypothetical because the ALJ failed to mention Robson's post polio syndrome. Furthermore, Dr. Robinette's findings regarding Robson's post polio syndrome are not entitled to receive substantial deference, as these medical findings are not supported by any objective diagnostic testing. *See id*. at 744–45 ("A treating physician's opinion is given controlling weight 'if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'"). We have recognized the probative value of retrospective opinions but have not gone so far as to require that the Commissioner give such opinions controlling weight when they are not supported by diagnostic testing. *See e.g. Grebenick v. Chater*, 121 F.3d 1193, 1199 (8th Cir. 1997) ("In a case involving a degenerative disease . . . where a claimant does not have contemporaneous objective medical evidence of the onset of the disease, the ALJ must

consider all of the evidence on the record as a whole, including . . . the retrospective conclusions and diagnosis of her doctor.").

Dr. Robinette's assessment of Robson's neck condition is contradicted by the record. "[W]hile entitled to special weight, [a treating physician's opinion] does not automatically control, particularly if 'the treating physician evidence is itself inconsistent.'" *House*, 500 F.3d at 744 (quoting *Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995)). Here, although there is no dispute that Robson suffered from neck problems during the 1988–1992 period, it is also documented in the record that her neck condition improved after surgical treatment.

Because the ALJ's hypothetical posed to the VE contained all of the concrete consequences of Robson's physical deficiencies during the relevant time period, we conclude that there is substantial evidence on the record as a whole to support the ALJ's finding that Robson could perform a sedentary job.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____