# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2903

_____

Brenda Haught,                                                    *
                                                                 *
          Appellant,                                           *
                                                                 *
                                                                 *  Appeal from the United States
    v.                                                           *  District Court for the
                                                                 *  District of Nebraska.
Michael J. Astrue, Commissioner of                               *
Social Security Administration,                                  *  [UNPUBLISHED]
                                                                 *
          Appellee.                                            *

_____

Submitted: August 21, 2008
Filed: September 23, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

     Brenda Haught appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB). Haught applied for DIB in January 2004, alleging that she had been disabled since October 2002 from bipolar disorder and anxiety. Following an October 2005 hearing, where she was counseled, an administrative law judge (ALJ) found that her depressed mood, anxiety, and personality disorder were severe impairments and she could not perform her past relevant work, but that the

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

impairments did not meet or equal a listed impairment, her subjective complaints were not entirely credible, and based on her residual functional capacity (RFC), she was not disabled either under the Medical Vocational Guidelines or based on a vocational expert's (VE's) testimony in response to a hypothetical. The Appeals Council denied review, and the district court affirmed. This court reviews de novo a district court's decision affirming the denial of benefits. See Hamilton v. Astrue, 518 F.3d 607, 610 (8th Cir. 2008) (Commissioner's decision must be affirmed if it is supported by substantial evidence in record as whole; substantial evidence is relevant evidence that reasonable mind would find adequate to support decision).

Haught's primary argument is that the ALJ erred by not adopting the medical-source statement of Richard Jirovec, her treating physician, and that the ALJ failed to consider the relevant factors for evaluating opinion evidence enumerated in 20 C.F.R. § 404.1527(d)(2)-(6). We disagree. The ALJ expressed valid reasons for giving the medical-source statement little weight, including that it was not supported by Dr. Jirovec's own treatment records: the records contained few abnormal mental-assessment findings, and these were noted principally when Haught reportedly stopped taking her medication; the records also noted that Haught's symptoms were controlled by medication when she took it; and Dr. Jirovec did not document any psychologically based limitations. See Hamilton, 518 F.3d at 610 (ALJ must give good reasons for according little weight to treating physician's opinion); Leckenby v. Astrue, 487 F.3d 626, 632 (8th Cir. 2007) (recognizing that treating physician's opinion does not automatically control or obviate need to evaluate record as whole; and that ALJ's decision to discount treating physician's medical-source statement was upheld where limitations were never mentioned in numerous treatment records or supported by any explanation); Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (noting that if impairment can be controlled by treatment, it cannot be considered disabling); 20 C.F.R. § 404.1527(d)(3) (more weight will be given to opinion when medical source presents relevant evidence, such as medical signs, in support of opinion).

We also reject Haught's related challenge to the hypothetical that the ALJ posed to the VE.  <u>See</u> <u>Robson v. Astrue</u>, 526 F.3d 389, 392 (8th Cir. 2008) (recognizing that VE's testimony is substantial evidence when it is based on accurately phrased hypothetical capturing concrete consequences of claimant's limitations).

Accordingly, we affirm.

_____