# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3812

_____

Susan Pittman,      *
     *
         Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the Western
     *    District of Arkansas.
Michael J. Astrue, Social      *
Security Commissioner,      *    [UNPUBLISHED]
     *
         Appellee.      *

_____

Submitted: July 28, 2011
Filed: August 15, 2011

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Susan Pittman appeals the district court's[1] order affirming the denial of disability insurance benefits. Upon de novo review, see Partee v. Astrue, 638 F.3d 860, 863 (8th Cir. 2011) (standard of review), we conclude that (1) the administrative law judge's (ALJ's) credibility determination is entitled to deference, see Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008); (2) Pittman is not disabled under the

_____

[1]The Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

listing she cites, see Carlson v. Astrue, 604 F.3d 589, 593 (8th Cir. 2010) (claimant has burden of proving her impairment meets or equals listing; impairment must meet all specified criteria of listing); (3) further development of the record was not required, see Halverson v. Astrue, 600 F.3d at 922, 933 (8th Cir. 2010) (ALJ is required to order medical examinations and tests only if medical records presented provide insufficient medical evidence to determine disability); Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003) (ALJ need not investigate impairment that claimant does not cite in application or offer as basis for disability at hearing); (4) the ALJ's determination of residual functional capacity is supported by substantial evidence, see Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009); and (5) the ALJ's hypothetical to the vocational expert (VE) included, as required, only those impairments the ALJ found were substantially supported by the record, see Lacroix v. Barnhart, 465 F.3d 881, 889 (8th Cir. 2006), and thus the VE's testimony constituted substantial evidence of the determination that Pittman was not disabled, see Robson v. Astrue, 526 F.3d 389, 392 (8th Cir. 2008). Accordingly, we affirm.

_____