# United States Court of Appeals
## For the Eighth Circuit

—————————————————

No. 17-1453

—————————————————

Stephen P. Chismarich

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 11, 2018
Filed: April 27, 2018
[Published]

——————————

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Stephen P. Chismarich appeals the district court's[1] judgment affirming the Commissioner's denial of disability benefits and dismissing his complaint under 42 U.S.C. § 405(g).  We affirm the judgment of the district court.

———————————————————

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Chismarich alleged disability due to bipolar disorder, drug and alcohol addiction, knee injury, learning disability, and attention deficit disorder. At steps two and three of the five-step sequential analysis, an ALJ determined Chismarich suffered severe impairments that did not meet or medically equal a listed impairment. See 20 C.F.R. § 404.1520 (setting forth the sequential steps for analysis of disability claims); id. Part 404, Subpart P, App'x 1 (listing recognized impairments). The ALJ also determined Chismarich suffered "moderate" limitations in selected life activities. At steps four and five, the ALJ determined Chismarich's Residual Functional Capacity and concluded he could perform jobs that existed in significant numbers in the national economy, including work as a cleaner, janitor, or mail clerk. The Appeals Council denied Chismarich's request for review, and the ALJ's decision became the Commissioner's final decision.

We review de novo the district court's affirmance of a denial of social security disability benefits. Fentress v. Berryhill, 854 F.3d 1016, 1019 (8th Cir. 2017). "In reviewing the ALJ's decision, we examine whether it is supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." Igo v. Colvin, 839 F.3d 724, 728 (8th Cir. 2016). "We define 'substantial evidence' as 'less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion.'" Jones v. Astrue, 619 F.3d 963, 968 (8th Cir. 2010) (omission in original) (quoting Kluesner v. Astrue, 607 F.3d 533, 536 (8th Cir. 2010)).

Here, the record overwhelming supports the determination that Chismarich is not disabled, and we find no legal error in the ALJ's analysis. As a stay-at-home father married to a physician, Chismarich cared for and transported his four young children, performed housekeeping tasks, managed the sale of the family's house, and negotiated with the builders of a new house. The record demonstrates not only his participation in these varied activities, but also his ability to navigate the obvious stresses inherent in these activities when compliant with his prescribed medications.

Chismarich, nevertheless, argues the ALJ made statements in the step-two and three analyses that he characterizes as inconsistent with the ALJ's step-four Residual Functional Capacity determination. He argues specifically that the "Psychiatric Review Technique" for the assessment of alleged mental impairments in the analysis of severity, 20 C.F.R. § 404.1520a, must be consistent with the ALJ's Residual Functional Capacity determinations. As a general proposition, this assertion is unobjectionable and correct. As a practical matter, however, the different steps serve distinct purposes, the degrees of precision required at each step differ, and our deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized. See Lacroix v. Barnhart, 465 F.3d 881, 888 n.3 (8th Cir. 2006) ("Each step in the disability determination entails a separate analysis and legal standard.").

At steps two and three, the ALJ stated Chismarich had "some difficulty remembering doctor's appointments." The ALJ also noted that Chismarich "report[ed] he had difficulty following written instructions[,] . . . needed help from others, and needed spoken instructions re-stated or written down." The ALJ concluded Chismarich suffered "moderate" impairments in the domains of (1) social functioning, (2) activities of daily living, and (3) concentration, persistence, or pace. Chismarich characterizes these statements and findings as inconsistent with the ALJ's step-four conclusion that he retained the Residual Functional Capacity as follows:

> able to understand, remember, and carry out at least simple instructions and non-detailed tasks; can respond appropriately to supervisors and co-workers in a task oriented setting where contact with others is casual and infrequent; can perform work at a normal pace without production quotas; should not work in a setting which includes constant, regular contact with the general public; and should not perform work which includes more than infrequent handling of customer complaints.

We conclude there is nothing inconsistent with the ALJ's separate analyses at the different steps in this case. Moderate difficulties in the areas noted are consistent

with being able to understand, remember, and carry out simple instructions while performing non-detailed tasks. Moreover, the ALJ's sparse but more specific statements as to severity are also consistent with this Residual Functional Capacity. For example, the conclusion that Chismarich had difficulty remembering doctor's appointments must be read in context. Here the record shows he missed or was late for only a few appointments over the course of several years of weekly appointments. Minor inconsistencies in wording or phrasing do not rise to the level of reversible error. See Lacroix, 465 F.3d at 888 (rejecting similar allegations of inconsistencies).

At its core, Chismarich's argument mischaracterizes or misperceives the nature of the courts' role in his case. In conducting our limited and deferential review of the final agency determination under the substantial-evidence standard, we must view the record in the light most favorable to that determination. Chismarich himself characterizes the ALJ's step two and three determinations as "three generalized moderate ratings." In the face of such determinations, we must strive to harmonize statements where possible; we may neither pick nits nor accept an appellant's invitation to rely upon perceived inconsistencies.

We affirm the judgment of the district court affirming the Commissioner's denial of benefits.

_____