# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1726

_____

Jessie Mae Nash

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 27, 2018
Filed: November 2, 2018

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Jessie Mae Nash appeals the judgment of the district court upholding the Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Nash, now 68, has a sixth-grade education and a general equivalency diploma. She worked as a telemarketer, recruiter, salesperson, medical assistant, and nursing-home aide. She claims a disability onset date of January 31, 2012—the day she was laid off as a recruiter. Though she sought work, she has not since engaged in substantial gainful activity.

Seven months later, Nash protectively filed for disability benefits, alleging problems with her back, right knee, and right thumb. Her medical history begins the next month, when she visited Dr. Adam C. Dooley. He diagnosed her with degenerative joint disease in her knee, mild arthritis in her thumb, morbid obesity, and lower back pain. The first record of treatment is six months later, at the emergency room after falling. She next visited a third doctor, Dr. William Joseph, for a general medical evaluation. He noted elevated blood pressure, joint pain in her knee, general abdominal pain, and urinary incontinence. He prescribed medications for knee pain, back pain, and overactive bladder. Nash then amended her limitations to include problems with her bladder and frequent urination.

At the hearing before the Administrative Law Judge (ALJ), Nash testified she is unable to work because of trouble sitting. She said that sitting is painful, and that she lies down and props up her feet to relieve the pain. She frequently uses the restroom, "always going back and forth to the bathroom."

The ALJ applied the five-step evaluation in the social security regulations. *See* **20 C.F.R. §§ 404.1520(a)**, **416.920**; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Robson v. Astrue*, 526 F.3d 389, 392 (8th Cir. 2008). First, Nash had not engaged in substantial gainful activity since the onset date. Second, she had three severe medical impairments: degenerative joint disease of the right knee, right thumb arthritis, and obesity. The ALJ found "no persuasive evidence of bladder problems,"

adding "no medical sources have identified or documented disabling limitations." The ALJ found that Nash's "statements concerning the intensity, persistence, and limiting effects of [the alleged] symptoms are not entirely credible," and that her alleged impairments "do not individually or in combination cause more than minimal limitation in her ability to perform basic work activities." Third, the ALJ found her impairment, or combination of impairments, did not meet any listed impairment. Fourth, the ALJ determined that Nash has the residual functional capacity (RFC) to perform her past work as a telemarketer.

The ALJ concluded that Nash was not disabled within the meaning of the Social Security Act between January 31, 2012 and October 16, 2014. The district court affirmed. Nash appeals.

II.

This court reviews de novo a decision affirming the denial of disability benefits. *See* ***Byes v. Astrue***, 687 F.3d 913, 915 (8th Cir. 2012). This court reverses the findings of the Commissioner only if they are unsupported by substantial evidence or result from an error of law. *See* **42 U.S.C. § 405(g)**; ***Chismarich v. Berryhill***, 888 F.3d 978, 979 (8th Cir. 2018). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." ***Travis v. Astrue***, 477 F.3d 1037, 1040 (8th Cir. 2007). "[T]his court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it." ***Id.*** "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." ***Id.***

Nash first argues that her RFC assessment is unsupported by substantial evidence because "the ALJ did not go over hypotheticals with the vocational expert that would address her having to lay down and prop up her feet or having to go to the

bathroom frequently, during normal workday hours." It is "the ALJ's responsibility to determine [the claimant's] RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and [claimant's] own description of her limitations." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995); **20 C.F.R. §§ 404.1545-46**, **416.945-46**. Her alleged limitations—needing to lie down and prop up her feet and always going back and forth to the bathroom—are supported only by her testimony. Subjective complaints may be discounted if the claimant's testimony is inconsistent with the evidence as a whole. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ found Nash's alleged limitations "not entirely credible" because they were inconsistent with other evidence in the record.

While at least three doctors documented Nash's back pain, her medical records do not include any directions to lie down and prop up her feet. True, Dr. Dooley recommended she avoid bending, squatting, or prolonged standing or walking, but he also wrote she "should be able to sit, hold a conversation, respond appropriately to questions, carry out and remember instructions." Nash testified she performs personal tasks, housework, and errands. She visits friends several times a week. These "regular physical activities. . . undermine her assertion that she is unable to perform even sedentary work." *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015). Nash explained she quit working on the onset date because her employer closed the department where she worked, and she actively looked for work after the onset date. *See* *Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 1998) (determination that claimant not disabled supported in part by facts that claimant (1) left job due to lay-off, not her medical condition, and (2) continued to seek work after alleged onset date).

As for her bladder condition, no medical source identified it as a disabling limitation. Dr. Joseph's diagnoses do include urinary incontinence, and he prescribed

medication for it.[1]  But, his notes identify neither a basis for the diagnosis nor any accompanying limitations.  Nash did testify that even with the medication, she needed to use the bathroom frequently.  But, she also testified that her last job made allowances for her frequent breaks.

"Credibility determinations are the province of the ALJ." *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016).  This court defers to the ALJ's determinations "as long as good reasons and substantial evidence support the ALJ's evaluation of credibility." *Id.*  Here, good reasons and substantial evidence support the ALJ's determination that her claimed limitations are "not entirely credible." "This court will not substitute its opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in evidence." *Travis*, 477 F.3d at 1040.

An ALJ must include "only those impairments and limitations he found to be supported by the evidence as a whole in his hypothetical to the vocational expert." *Perkins v. Astrue*, 648 F.3d 892, 902 (8th Cir. 2011) (ALJ not required to adopt claimant's "unsupported subjective complaints and self-imposed limitations."). The ALJ was not required to ask the vocational expert hypotheticals addressing "her having to lay down and prop up her feet or having to go to the bathroom frequently" because the ALJ determined these limitations were not credible.

Nash next argues the ALJ did not comply with Social Security Ruling 96-8p, which requires assessing Nash's RFC on a "function-by-function" basis.  **Social Security Ruling 96–8p**, 1996 WL 374184,  at *1.  This court "review[s] the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but

---

[1]The district court's statement—"While Nash reported bladder problems, the record is devoid of any diagnosis or treatment for such an issue"—is incorrect, but does not affect this court's de novo review. *Nash v. Berryhill*, No. 416-CV-00053, 2017 WL 928429, at *2 (E.D. Ark. Feb. 14, 2017), *adopted*, 2017 WL 933122 (E.D. Ark. Mar. 8, 2017).

[does] not require an ALJ to mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Here, the ALJ considered Nash's alleged limitations, and substantial evidence supports the ALJ's RFC assessment.

Finally, Nash argues that the Magistrate Judge erred by denying her request for another hearing. Nash is not entitled to another hearing. The district court does not find additional facts, but determines whether the Commissioner's decision is supported by substantial evidence in the record. *See* **42 U.S.C.A. § 405(g)**; *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The district court properly denied the request for another hearing.

*******

The judgment is affirmed.

_____