# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1705

_____

Steve Riley

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 4, 2019
Filed: March 7, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Steve Riley appeals the district court's[1] order upholding the denial of supplemental security income. Initially, we agree with the Commissioner that Riley cannot raise issues here that he did not raise below. See Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (where issues were not raised in district court, this court declined to consider them as appellant made no showing that manifest injustice would otherwise result).

We examine whether an administrative law judge's (ALJ's) decision is supported by substantial evidence in the record as a whole, see Chismarich v. Berryhill, 888 F.3d 978, 979 (8th Cir. 2018) (per curiam) (de novo review), and we conclude that the ALJ's residual functional capacity (RFC) findings properly accounted for Riley's mental impairments, see Boyd v. Colvin, 831 F.3d 1015, 1020 (8th Cir. 2016) (claimant's RFC is based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations); Mabry v. Colvin, 815 F.3d 386, 390 (8th Cir. 2016) (claimant has burden to establish RFC). Specifically, the ALJ gave valid reasons for discounting Riley's subjective mental complaints. See Bryant v. Colvin, 861 F.3d 779, 782-83 (8th Cir. 2017) (this court defers to ALJ's credibility determination if it is supported by good reasons and substantial evidence). Further, the ALJ properly discounted the RFC opinion of psychologist Craig Barron, who assessed Riley only once, as his assessments and diagnoses significantly differed from those of treating physicians and psychologists. See Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) (ALJ may reject opinion of any medical expert if it is inconsistent with record as whole). Finally, the ALJ's mental RFC findings were consistent with the treatment records, as well as the opinions of the reviewing psychologists. See Mabry, 815 F.3d at 390 (because RFC is medical question, ALJ's assessment of it must be supported

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

by some medical evidence of claimant's ability to function in workplace). The judgment is affirmed.

_____