# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2091

_____

Michael Lowman

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: March 20, 2019
Filed: March 25, 2019
[Unpublished]

_____

Before ERICKSON, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Michael Lowman appeals the district court's[1] affirmance of a decision denying him disability insurance benefits and supplemental security income. We agree with

---

[1]The Honorable Erin Wiedemann, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

the district court that the administrative law judge's (ALJ's) decision is supported by substantial evidence on the record as a whole. See Stanton v. Comm'r, Soc. Sec. Admin., 899 F.3d 555, 557-58 (8th Cir. 2018) (de novo review). Specifically, we find that the ALJ's determination that Lowman's subjective complaints were not entirely credible is entitled to deference, as the ALJ cited numerous valid reasons in support of this adverse determination. See Nash v. Comm'r, Soc. Sec. Admin., 907 F.3d 1086, 1090 (8th Cir. 2018) (credibility findings are province of ALJ, and this court defers to them if they are supported by good reasons and substantial evidence). Further, we find that the ALJ's findings as to Lowman's residual functional capacity (RFC) are consistent with the medical evidence, which included assessments of his ability to work. See Boyd v. Colvin, 831 F.3d 1015, 1020 (8th Cir. 2016) (it is ALJ's responsibility to determine RFC based on all relevant evidence: medical records, observations of treating physicians and others, and claimant's own description of his limitations); Mabry v. Colvin, 815 F.3d 386, 390 (8th Cir. 2016) (claimant bears burden of establishing RFC; because RFC is medical question, it must be supported by some evidence of claimant's ability to function in workplace); see also Scott v. Berryhill, 855 F.3d 853, 857 (8th Cir. 2017) (to constitute substantial evidence, vocational expert's testimony must be based on hypothetical that captures concrete effects of claimant's impairments).

The judgment is affirmed.

_____