# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1572

_____

Ginger Glo Rumzis

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: January 21, 2020
Filed: January 24, 2020
[Unpublished]

_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Ginger Glo Rumzis appeals a district court[1] decision upholding the denial of disability insurance benefits. We conclude that substantial evidence supports the

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

determination that Rumzis is not entitled to benefits.  See Nash v. Comm'r Soc. Sec. Admin., 907 F.3d 1086, 1089 (8th Cir. 2018) (de novo review).  Specifically, the administrative law judge (ALJ) properly discounted Rumzis's subjective complaints, see Swink v. Saul, 931 F.3d 765, 770-71 (8th Cir. 2019) (ALJ may discount subjective complaints if record as whole is inconsistent with claimant's testimony); and the ALJ's determination of Rumzis's residual functional capacity (RFC) is consistent with the extensive medical records, see Combs v. Berryhill, 878 F.3d 642, 646 (8th Cir. 2017) (RFC is medical question, so it must be supported by some evidence of claimant's ability to function in workplace); Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).  Because the ALJ's hypothetical to the vocational expert (VE) captured the concrete consequences of Rumzis's impairments, we further conclude that the ALJ properly relied on the VE's testimony identifying other jobs existing in substantial numbers that Rumzis could perform.  See Scott v. Berryhill, 855 F.3d 853, 857-58 (8th Cir. 2017) (discussing VE testimony).  The judgment is affirmed.

_____