## United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3648
_____

Eric West-Viotay

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: October 27, 2020
Filed: November 6, 2020
[Unpublished]
_____

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Eric West-Viotay appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We review the

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

district court's judgment de novo, and will affirm unless the Commissioner's findings are unsupported by substantial evidence or result from legal error. *See Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 516 (8th Cir. 2019). After consideration of West-Viotay's arguments for reversal, we agree with the court that substantial evidence in the record as a whole supports the adverse decision. Specifically, we conclude that substantial evidence supports the administrative law judge's finding that West-Viotay's mental impairments did not meet the "paragraph C" criteria of the applicable mental disorder listings, as he did not live in a highly structured setting. *See Dols v. Saul*, 931 F.3d 741, 747 (8th Cir. 2019). Considering the record under the deferential substantial-evidence standard, we also find no error in the ALJ's findings on residual functional capacity. *See Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (per curiam). While the RFC findings did not specify work-related limitations based on some moderate functional-area limitations that the ALJ found under the "paragraph B" criteria, the two findings serve distinct purposes at the separate steps of the sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *4 (Soc. Sec. Admin. July 2, 1996). Here, the findings can be harmonized, as the ALJ adequately explained why greater work-related limitations were not warranted. *See Chismarich*, 888 F.3d at 980.

The judgment is affirmed.

_____