# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3691
_____

Melissa A. Galloway

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: May 10, 2022
Filed: August 18, 2022
_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Melissa A. Galloway appeals from the district court's[1] judgment upholding the Social Security Commissioner's denial of her application for social security disability insurance benefits. She argues that the administrative law judge (ALJ) believed that she lacked the ability to follow detailed instructions, but failed to include that limitation in the hypothetical question posed to the vocational expert or in the residual functional capacity finding. Galloway also contends that the ALJ failed to adequately explain why only partial weight was given to the opinions of her treating mental health providers. We affirm.

## I. Background

Galloway applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, with a filing date and an amended onset date of February 27, 2017. The Social Security Administration denied Galloway's applications initially and on reconsideration. Galloway thereafter requested a hearing before an ALJ, which was held in May 2019.

At the hearing, the ALJ asked the vocational expert whether there were jobs in the national economy that a person could perform with certain exertional limitations and the following nonexertional limitations:

> [T]his individual would be limited to jobs where she could understand, remember, and appropriately carry out simple instructions, use judgement [sic] in making simple, work-related decisions, and deal with changes in a routine work setting. She could have occasional contact with the public, coworkers, and supervisors.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa, adopting the report and recommendation of the Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.

The vocational expert replied that a person with those limitations could perform the following occupations listed in the Dictionary of Occupational Titles (DOT): assembler, hand packager/inspector, and mail sorter.

The ALJ evaluated Galloway's disability claim under the five-step process set forth in the Code of Federal Regulations. See 20 C.F.R. § 404.1520(a). The ALJ first found that Galloway had not engaged in substantial gainful activity since her alleged onset date. See id. § 416.920(a)(4)(i). At steps two and three, the ALJ found that Galloway had the severe impairments of depression, anxiety, spine disorder, carpal tunnel syndrome, and psoriatic arthritis, but that her impairments did not meet or medically equal a listed impairment. See id. § 416.920(a)(4)(ii), (iii). The ALJ found that Galloway had a moderate limitation "in understanding, remembering, or applying information."

The ALJ then determined Galloway's residual functional capacity for purposes of the final two steps. See id. § 416.920(a)(4)(iv), (v). The ALJ found that Galloway had the capacity to perform light work, but was "limited to jobs where she can understand, remember, and appropriately carry out simple instructions; use judgment in making simple work related decisions; deal with changes in a routine work setting; [and] can have occasional contact with the public, co-workers, and supervisors." The ALJ gave only partial weight to the joint opinion of Galloway's mental health providers, licensed independent social worker Ed Rund and advanced registered nurse practitioner Lisa Rock, who had opined that Galloway had marked limitations in understanding, remembering, and carrying out detailed instructions. The ALJ wrote that their opinion was "not necessarily pertinent because the claimant is limited to simple, unskilled work."

Relying on the vocational expert's testimony, the ALJ found that Galloway was unable to perform her past relevant work, but that she could perform jobs that exist in significant numbers in the national economy—specifically, assembler, hand

packager/inspector, and mail sorter. The ALJ therefore concluded that Galloway was not disabled within the meaning of the Social Security Act and was not eligible for disability insurance benefits. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

## II. Discussion

We review *de novo* the district court's judgment upholding the denial of disability insurance benefits. Stanton v. Comm'r, Soc. Sec. Admin., 899 F.3d 555, 557 (8th Cir. 2018). "We will affirm if substantial evidence on the record as a whole supports the Commissioner's determination." Id. (quoting Vance v. Berryhill, 860 F.3d 1114, 1117 (8th Cir. 2017)). Substantial evidence "is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision." Id. at 557–58. "A vocational expert's testimony based on a properly phrased hypothetical question constitutes substantial evidence." Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999) (internal quotation marks and citation omitted). If, however, the vocational expert's testimony appears to conflict with the job requirements set forth in the relevant DOT listings and the ALJ did not resolve the conflict, "the vocational expert's testimony is not substantial evidence to support a denial of benefits." Stanton, 899 F.3d at 558.

Galloway argues that the vocational expert's testimony does not constitute substantial evidence because it conflicts with the DOT listings. She contends that the ALJ intended to limit her to jobs that did not involve detailed instructions, but inadvertently failed to include that limitation in the hypothetical question posed to the vocational expert, as well as in the residual functional capacity finding. With such a limitation, Galloway would be unable to perform the duties of the jobs identified by the vocational expert, because those jobs require the ability to carry out detailed instructions. See Dep't of Labor, Dictionary of Occupational Titles 181, 452–53, 695 (4th rev. ed. 1991). The Commissioner responds that there is no conflict between the

testimony and the DOT listings because the ALJ expressly set forth Galloway's limitations in the hypothetical question and in the residual functional capacity finding—*i.e.*, the ALJ did not find or intend to find that Galloway could not understand, remember, or carry out detailed instructions.

Galloway bases her argument on the following sentence from the ALJ's hearing decision: "[T]he opinion that the claimant has marked findings in understanding and remembering detailed instructions and carrying out detailed instructions is not necessarily pertinent because the claimant is limited to simple, unskilled work." This sentence appears within a paragraph that explains the ALJ's decision to give only partial weight to Galloway's mental health providers' opinions. The ALJ had found earlier in the decision that Galloway had only a moderate limitation in understanding, remembering, and applying information. The sentence could thus be read as finding the opinion "not necessarily pertinent," because the ALJ was not giving controlling weight to the providers' opinion and because Galloway's moderate limitations were accounted for in the hypothetical question and the residual functional capacity determination.

Moreover, the occupations of assembler and hand packager/inspector require the ability to carry out "detailed but uninvolved" instructions.[2] We previously have found "no direct conflict between 'carrying out simple job instructions' for 'simple, routine and repetitive work activity,'" and a "vocational expert's identification of occupations involving instructions that, while potentially detailed, are not complicated or intricate." Moore v. Astrue, 623 F.3d 599, 604 (8th Cir. 2010). But

---

[2]Assembler and hand packager/inspector require level 2 reasoning, which is the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." Dep't of Labor, Dictionary of Occupational Titles 452–53, 695, 1011 (4th rev. ed. 1991). Mail sorter requires level 3 reasoning. Id. at 181.

see Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997) (suggesting in dicta that there may be a conflict between the ability to understand and carry out simple instructions and the ability to understand and carry out detailed instructions). The sentence could mean that Galloway's mental health providers' opinions were "not necessarily pertinent," because any detailed instructions (with respect to the occupations of assembler and hand packager/inspector) would be limited to those that were simple, not complicated, and not intricate.

"[O]ur deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized." Chismarich v. Berryhill, 888 F.3d 978, 980 (8th Cir. 2018) (per curiam). Because the sentence Galloway relies upon can be harmonized with the ALJ's hypothetical question and the residual functional capacity determination, we do not believe that the ALJ intended to find that Galloway lacked capacity to carry out detailed instructions. Thus, no apparent conflict exists between the vocational expert's testimony and the DOT listings.

We find to be unpersuasive Galloway's alternative argument that the ALJ failed to adequately explain why she gave only partial weight to Rund's and Rock's opinion. Under the regulations, neither Rund nor Rock is considered an acceptable medical source whose opinion may be afforded controlling weight. See 20 C.F.R. §§ 404.1502(a)(1)–(5); 404.1527(c). Moreover, their opinion was "entitled to relatively little evidentiary value" because it was "rendered on a check-box and fill-in-the-blank form." Swarthout v. Kijakazi, 35 F.4th 608, 611 (8th Cir. 2022) (explaining that we previously had held "that a medical opinion was conclusory, and therefore properly discounted, when it consisted 'of three checklist forms, cited no medical evidence, and provided little to no elaboration'" (quoting Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010)) (alterations omitted)). Rund and Rock did not cite objective findings to support their opinion, and their progress notes were not fully consistent with their opinion. For example, Rock supported her opinion regarding Galloway's marked limitation in understanding and carrying out instructions by

noting Galloway's "[d]ifficulty with focus and concentration evident during appointments." Rock's appointment progress notes stated, however, that Galloway could "concentrate fully when wanted with slight difficulty." See Davidson v. Astrue, 578 F.3d 838, 843 (8th Cir. 2009) ("It is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes.").

We conclude that substantial evidence supported the ALJ's denial of benefits. The judgment of the district court is affirmed.

_____