# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2883
_____

Gayle Bentley

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: February 14, 2023
Filed: June 7, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.
_____

PER CURIAM.

Gayle Bentley worked as an administrative assistant for 28 years. In 2015, she started experiencing unusual fatigue and progressively worsening pain, causing her to leave her job in February 2019. She sought social security benefits for disability, but was denied. An Administrative Law Judge (ALJ) found that Bentley suffered from a variety of conditions but was not disabled because she could perform her past work—mostly computer work that involved very little standing or walking.

The ALJ specifically found the opinion of Bentley's treating physician, Dr. Cullom, not persuasive. A magistrate judge[1] affirmed the ALJ's decision. We affirm.

We review a decision affirming the denial of social security benefits *de novo* and will affirm if the "denial of benefits complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). This threshold is not high, and only requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citation omitted). We view the record in the light most favorable to the ALJ's determination, Chismarich v. Berryhill, 888 F.3d 978, 980 (8th Cir. 2018) (per curiam), and "defer heavily" to the Social Security Administration's findings and conclusions, Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010).

Bentley only appeals the ALJ's determination that Dr. Cullom's opinion was not persuasive. When considering medical opinions and prior administrative medical findings, ALJs no longer defer or give any specific evidentiary weight to an applicant's medical sources, but instead evaluate their persuasiveness.[2] 20 C.F.R. § 404.1520c(a). An ALJ is required to consider the most important factors of the medical opinion: its supportability and consistency. Id. We address each in turn.

Turning first to supportability, "[t]he more relevant the objective medical evidence and supporting explanations" are that support a medical opinion, the more persuasive it will be. 20 C.F.R. § 404.1520c(c)(1). Here, the ALJ recognized there was little evidence offered in support of Dr. Cullom's opinion. Additionally, Dr.

---

[1]The Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]This is the revised standard for evaluating opinion evidence, which applies to Bentley's claim because it was filed after March 27, 2017. See 20 C.F.R. § 404.1520c (2021).

Cullom did not explain how the small amount of medical evidence that was offered resulted in the severe limitations that his opinion proffered. An ALJ can discredit conclusory opinions without "supporting objective evidence indicating how [the claimant's] impairments interfere with the performance of job-related functions." Davidson v. Astrue, 578 F.3d 838, 844 (8th Cir. 2009) (finding that the ALJ properly disregarded a physician's opinion that did not explain why or how the claimant's condition prevented him from carrying out work-related tasks). All in all, the ALJ properly considered the supportability of Dr. Cullom's opinion.

We now turn to consistency. The more consistent a medical opinion is with evidence from other sources, the more persuasive it will be. 20 C.F.R. § 404.1520c(c)(2). Here, the ALJ compared Dr. Cullom's opinion with Bentley's performance at the consultative examination performed by Dr. Hashmi,[3] and found that Dr. Cullom appeared to overstate Bentley's limitations.

Dr. Cullom's opinion stated that Bentley's maximum ability to stand and walk during an 8-hour day was less than 2 hours, only 3 minutes without a break, and that her maximum ability to sit during an 8-hour day was less than 2 hours, only 20 minutes without a break. It stated that she needed frequent rest periods, longer than normal breaks, and the opportunity to shift at will from sitting or standing/walking. His opinion also anticipated that Bentley's condition would cause her to be absent from work more than three days a month. In comparison, the findings from Dr. Hashmi's examination were mostly normal,[4] with the exceptions of scoliosis of

---

[3]We note that the ALJ referenced the exhibit number of the consultative *psychological* exam that Bentley underwent. The district court assumed that the ALJ meant to reference the exhibit number of the consultative *physical* examination performed by Dr. Hashmi. We assume the same. The ALJ ultimately found Dr. Hashmi's opinion not persuasive because his opinion did not set forth a residual functional capacity. But the ALJ was free to accept Dr. Hashmi's exam findings and reject his ultimate opinion. See Austin v. Kijakazi, 52 F.4th 723, 729 (8th Cir. 2022).

[4]For example, a normal range of motion for all extremities (with pain at the extremes of range of motion); 5/5 muscle strength; no muscle atrophy; an objective

Bentley's lumbar spine and a positive straight leg test.[5]  All considered, these findings support the ALJ's conclusion that Dr. Cullom's opinion overstated Bentley's limitations.

Bentley also argues that the ALJ's analysis was insufficient because he failed to compare Dr. Cullom's opinion with other medical evidence in the record.  But "the ALJ is not required to explicitly reconcile every conflicting shred of medical evidence."  Austin v. Kijakazi, 52 F.4th 723, 729 (8th Cir. 2022) (cleaned up).  Rather, "[a]n ALJ's reasoning need only be clear enough to allow for appropriate judicial review."  Grindley v. Kijakazi, 9 F.4th 622, 631 (8th Cir. 2021) (citation omitted); see also id. ("The ALJ's brevity is not reversible error.").

Substantial evidence supports the ALJ's analysis and ultimate determination that Dr. Cullom's opinion was not persuasive.  We affirm.

_____

sensory examination within normal limits; normal posture and gait; 100% grip strength in both hands; ability to stand and walk without assistive devices; ability to walk on heels and toes; ability to squat/arise from a squatting position (but noting pain in lower back and knees); a normal x-ray of cervical spine; a normal x-ray of right knee (with mild joint space narrowing); and a normal x-ray of left knee.

[5]A positive straight leg test "evidences radicular irritation in the lumbosacral region by lower limb flexion" and is commonly used to identify impairment in disc anatomy or nerve root irritation.  Gaston O. Camino Willhuber & Nicolas S. Piuzzi, Straight Leg Raise Test, StatPearls Publ'g (Feb. 5, 2023), https://www.ncbi.nlm.nih.gov/books/NBK539717/.