# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1921
_____

Peggy Hopkins

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: October 13, 2023
Filed: October 18, 2023
[Unpublished]
_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Peggy Hopkins appeals the district court's[1] order affirming the denial of disability insurance benefits. We agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Kraus v. Saul, 988 F.3d 1019, 1023-24 (8th Cir. 2021) (standard of review). We find no merit to Hopkins's argument that the administrative law judge (ALJ) erred by failing to include any limitations related to her severe impairment of diverticulitis in the residual functional capacity (RFC) finding, as the ALJ considered this impairment in determining that she was limited to performing medium work with additional restrictions. See Chismarich v. Berryhill, 888 F.3d 978, 980 (8th Cir. 2018) (per curiam) (while consistency is required between severity and RFC findings, these steps serve distinct purposes, and this court's deferential review precludes labeling findings inconsistent if they can be harmonized; court may not pick nits nor accept appellant's invitation to rely upon perceived inconsistencies). We also find that the ALJ properly declined to include an RFC limitation requiring frequent bathroom breaks, as he found Hopkins's testimony on that point was unsupported by the medical evidence. See Schwandt v. Berryhill, 926 F.3d 1004, 1012 (8th Cir. 2019) (ALJ properly discounted claimant's testimony regarding medication side effects, as medical records did not support that claim); Julin v. Colvin, 826 F.3d 1082, 1089 (8th Cir. 2016) (ALJ permissibly excluded greater limitations from RFC after determining that record was not consistent with degree of symptoms alleged).

The judgment is affirmed.

_____

[1]The Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).